1677.10859W

1   RANDALL E. WILLOUGHBY - 43177
        REW@wsblaw.net
2   ELLYN E.  NESBIT - 136398
        EEN@wsblaw.net
3   WILLOUGHBY, STUART & BENING, INC.
    50 W. San Fernando St., Suite 400
4   San Jose, California 95113
    (408) 289-1972
5   Facsimile: (408) 295-6375

6   Attorneys for Defendant
    Salinas Golf and Country Club, Inc.
7

8                  IN THE UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11  PHILADELPHIA INDEMNITY            )   No.  C08 01773 JF
    INSURANCE COMPANY, a              )
12  Pennsylvania corporation,         )
                                      )
13                                    )
                 Plaintiff,           )   **ANSWER OF DEFENDANT**
14                                    )   **SALINAS GOLF AND COUNTRY**
    vs.                               )   **CLUB, INC.**
15                                    )
    SALINAS GOLF and COUNTRY          )
16  CLUB, Inc., a California corporation )   **DEMAND FOR JURY TRIAL**
    and RUSSELL BAAR, an individual   )
17                                    )
                 Defendants.          )
18                                    )
                                      )
19  _____

20

21          Defendant SALINAS GOLF and COUNTRY CLUB, Inc., hereby answers Plaintiff's

22  complaint and admits, denies, and alleges as follows:

23                         JURISDICTION AND VENUE

24          1.     In answer to paragraph 1 of the Complaint, Defendant admits the allegations

25  contained therein.

26          2.     In answer to paragraph 2 of the Complaint, Defendant admits the allegations

27  contained therein.

28

ANSWER                              1

<u>PARTIES</u>

3.     In answer to paragraph 3 of the Complaint, Defendant admits that Philadelphia Indemnity is a Pennsylvania corporation with a place of business in Bala Cynwyd, Pennsylvania.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Philadelphia Indemnity's principal place of business. Defendant further admits that Philadelphia Indemnity has conducted business in this district pertinent to this action.

4.     In answer to paragraph 4 of the Complaint, Defendant admits the allegations contained therein.

5.     In answer to paragraph 5 of the Complaint, defendant admits the allegations contained therein on information and belief.

<u>PRELIMINARY ALLEGATIONS</u>

6.     In answer to paragraph 6 of the Complaint, Defendant admits that the policy was issued for the policy period stated.  Defendant further admits that the policy provides coverage pursuant to all the terms, conditions, limitations, exclusions, and endorsements contained therein.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that the policy attached to the complaint is a true and correct copy of the policy.

7.     In answer to paragraph 7 of the Complaint, Defendant admits the allegations contained therein.

8.     In answer to paragraph 8 of the Complaint, Defendant admits the allegations contained therein.

9.     In answer to paragraph 9 of the Complaint, Defendant admits that on October 25, 2005, Pitre's attorney faxed a draft complaint to the law firm of Noland, Hamerly, Etienne & Hoss.  Defendant admits that the fax cover sheet stated that the DFEH charge and request for a right to sue letter would be filed the next week, and that upon receipt of the letter, Pitre's counsel would immediately file suit and serve it.   Except as specifically admitted, defendant denies the allegations contained in paragraph 9.

10.     In answer to paragraph 10 of the Complaint, Defendant denies that the excerpts set forth in paragraph 10 are true and correct quotations of allegations set forth in the Draft Complaint.

11.     In answer to paragraph 11 of the Complaint, Defendant admits that the Draft Complaint included the causes of action identified in paragraph 11.

12.     In answer to paragraph 12 of the Complaint, Defendant admits that tender was made to USLI, and that on October 31, 2005, USLI agreed to assume defense "subject to a partial disclaimer".  Defendant admits that on January 6, 2006, the attorney retained by USLI to defend the Club was for the first time advised by Pitre's counsel, John Elson, that Elson had only recently been retained by Hedberg to prosecute a wrongful discharge action on his behalf.  Defendant admits that a First Amended Complaint was filed on January 20, 2006. Defendant lacks sufficient information and belief with respect to the remaining allegations of this paragraph and therefore, except as expressly admitted, denies the allegations of paragraph 12.

13.     In answer to paragraph 13 of the Complaint, Defendant admits that the language which appears in quotation marks in paragraph 13 was included in the Draft Complaint and the Amended Complaint.  Defendant further admits that the Amended Complaint includes new allegations by Hedberg.  Except as specifically admitted, Defendant denies the remaining allegations of paragraph 13.

14.     In answer to paragraph 14 of the Complaint, defendant admits that the Amended Complaint includes the causes of action identified in paragraph 14.

15.     In answer to paragraph 15 of the Complaint, defendant admits that it tendered the Amended Complaint to USLI, and that USLI agreed to provide a defense "subject to a partial disclaimer".

16.     In answer to paragraph 16 of the Complaint, defendant admits that the Amended Complaint and the Action were tendered to Philadelphia, and that on May 9, 2006, Philadelphia denied coverage for the reasons stated in its denial letter.

17.     In answer to paragraph 17 of the Complaint, defendant admits that it made

1  additional demands on Philadelphia Indemnity to defend and indemnify.  Defendant further

2  admits that Pitre's claims were settled, and that Hedberg is the only remaining plaintiff in the

3  Action.  Defendant admits that USLI withdrew its defense of the Action.  Except as

4  specifically admitted, defendant denies the allegations contained in paragraph 17.

5        18.     In answer to paragraph 18 of the Complaint, defendant admits that on March

6  19, 2008, Philadelphia agreed to assume the defense of the Action subject to the reservation

7  of rights stated in its March 19, 2008 letter.

8                              FIRST CAUSE OF ACTION

9        19.     In answer to paragraph 19 of the Complaint, defendant incorporates by

10  reference its responses to paragraphs 1 through 18 above.

11       20.     In answer to paragraph 20 of the Complaint, defendant admits that the policy

12  contains the definition of "Claim" referenced in paragraph 20.

13       21.     In answer to paragraph 21 of the Complaint, defendant admits that the policy

14  contains the language quoted in paragraph 21.

15       22.     In answer to paragraph 22 of the Complaint, Defendant admits that the

16  Notice/Claim Reporting Provisions, Part 8, IV, C, contains the language stated in paragraph

17  22.  Defendant admits that the policy contains the definition of Interrelated Wrongful Act

18  stated in paragraph 22.  Defendant denies that coverage is excluded by these provisions.

19       23.     In answer to paragraph 23 of the Complaint, Defendant admits that the

20  Amended Complaint falls within the definition of "Claim" under Philadelphia's policy, and

21  that the Amended Complaint was filed within the policy period of the policy.   Except as

22  specifically admitted, defendant denies the allegations contained in paragraph 23.

23       24.     In answer to paragraph 24 of the Complaint, Defendant admits that Pitre made

24  a "Claim" as defined in the United States Liability Insurance policy prior to November 26,

25  2005, and that USLI defended the Pitre claim.   Except as specifically admitted, Defendant

26  denies the allegations made in paragraph 24.

27       25.     In answer to paragraph 25 of the Complaint, Defendant admits that

28  Philadelphia contends that it has no duty to defend or indemnify, but Defendant denies that

Philadelphia does not owe a duty to defend or indemnify.

26.     In answer to paragraph 26 of the Complaint, Defendant admits that the policy contains the language set forth in paragraph 26.  Defendant denies that coverage is excluded by these provisions.

27.     In answer to paragraph 27 of the Complaint, defendant denies each and every allegation contained therein.

28.     In answer to paragraph 28 of the Complaint, defendant denies each and every allegation contained therein.

29.     In answer to paragraph 29 of the Complaint, Defendant admits that Philadelphia contends that it has no duty to defend or indemnify, but Defendant denies that Philadelphia does not owe a duty to defend or indemnify.

30.     In answer to paragraph 30 of the Complaint, Defendant admits the allegations contained therein.

31.     In answer to paragraph 31 of the Complaint, Defendant admits that Philadelphia desires a judicial determination that it has no duty to defend or indemnify, but Defendant denies that Philadelphia is entitled to any such declaration.

32.     In answer to paragraph 31 of the Complaint, Defendant admits that a judicial determination of the parties' rights and obligations is necessary and appropriate, and that the controversy is incapable of resolution without judicial adjudication.  Defendant denies that Philadelphia is entitled to a judicial declaration that it has no duty to defend or indemnify.

<u>SECOND CAUSE OF ACTION</u>

33.     In answer to paragraph 33 of the Complaint, defendant incorporates by reference its responses to paragraphs 1 through 32 above.

34.     In answer to paragraph 34 of the Complaint, defendant denies each and every allegation contained therein.

35.     In answer to paragraph 35 of the Complaint, defendant denies each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

AS FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the complaint fails to state facts sufficient to constitute a cause of action.

AS FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the complaint is barred by the applicable statute of limitations.

AS FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims herein are barred by the equitable doctrine of laches.

AS FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has waived or relinquished or is estopped to assert every claim asserted in the complaint.

AS FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that plaintiff's claims herein are barred by the principle of unjust enrichment

AS FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE Defendant alleges that the declarations sought by Philadelphia Indemnity are premised on the misinterpretation of its policy and of the law, and on misapplication of its policy language to the facts.  Coverage is not precluded by the "Interrelated Wrongful Act" provision, nor by the "Prior and Pending Exclusion", nor by any other policy provision.  Defendant is entitled to a declaration that Philadelphia Indemnity owes a duty to defend and indemnify.

WHEREFORE, Defendant prays for judgment as follows:

1.    That the Court enter judgment in favor of Defendant and against Plaintiff;

2.    For a judicial declaration that Plaintiff is obligated to defend and indemnify Defendant with respect to the underlying Action and that Plaintiff is not entitled to reimbursement from Defendant of any defense expenses paid;

3.    That Plaintiff take nothing by its complaint;

4.    That the Court award Defendant its costs of suit incurred in this action; and

1        5.      That the Court award such other and further relief as it deems just and proper

2

3

4    DATED: June 4, 2008                    WILLOUGHBY, STUART & BENING

5

6                                          By: _____/s/_____
                                                ELLYN E.  NESBIT
7                                               Attorneys for Defendant, Salinas Golf and
                                                Country Club, Inc.
8

9

10                          **<u>DEMAND FOR JURY TRIAL</u>**

11
          Pursuant to Rule 38 of the Federal Rules of Civil Procedure, defendant Salinas Golf
12
     and Country Club, Inc. hereby demands a trial by jury.
13

14
     DATED: June 4, 2008                    WILLOUGHBY, STUART & BENING
15

16                                          By: _____/s/_____
17                                              ELLYN E.  NESBIT
                                                Attorneys for Defendant, Salinas Golf and
18                                              Country Club, Inc.

19

20

21

22

23

24

25

26

27

28

ANSWER                              7