SEDGWICK, DETERT, MORAN & ARNOLD LLP
BRIAN D. HARRISON  Bar No. 157123
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California  94105
Telephone: (415) 781-7900
Facsimile:  (415) 781-2635
Email: brian.harrison@sdma.com

Attorneys for Plaintiff/Counter-defendant
PHILADELPHIA INDEMNITY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>SALINAS GOLF and COUNTRY CLUB, INC., a California corporation and RUSSELL BAAR, an individual<br><br>Defendants. | CASE NO.  C08-01773 JF<br><br>**ANSWER OF PHILADELPHIA INDEMNITY INSURANCE COMPANY TO COUNTERCLAIM OF SALINAS GOLF & COUNTRY CLUB, INC.**<br><br>**[JURY DEMAND INDORSED HEREON]** |
| SALINAS GOLF and COUNTRY CLUB, INC., a California corporation<br><br>Counterclaimant,<br><br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Counterdefendants. | |

NOW COMES plaintiff/counter-defendant Philadelphia Indemnity Insurance Company ("Philadelphia") and, for its answer to the counterclaim of

defendant/counterclaimant Salinas Golf and Country Club, Inc. ("Club"), states as follows:

1. On information and belief, Philadelphia admits the averments contained in paragraph 1 of the Counterclaim.

2. On information and belief, Philadelphia admits the averments contained in paragraph 2 of the Counterclaim.

3. On information and belief, Philadelphia admits the averments contained in paragraph 3 of the Counterclaim.

4. In response to paragraph 4 of the Counterclaim, Philadelphia admits that it is an insurance company incorporated under the laws of the State of Pennsylvania with its principal place of business in Bala Cynwyd, Pennsylvania and is authorized to conduct business in California. To the extent any of the averments in paragraph 4 are inconsistent with the foregoing, Philadelphia denies each and every such averment.

5. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of the Counterclaim.

6. On information and belief, Philadelphia admits the averments contained in the first sentence of paragraph 6 of the Counterclaim directed against Philadelphia. On information and belief, Philadelphia admits the averments contained in the second sentence of paragraph 6 of the Counterclaim.

7. On information and belief, Philadelphia admits the averments contained in paragraph 7 of the Counterclaim directed against Philadelphia.

8. Philadelphia admits the averments contained in paragraph 8 of the Counterclaim.

9. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the Counterclaim.

SF/1517018v1

-2-

ANSWER OF PHILADELPHIA TO COUNTERCLAIM OF SALINAS GOLF & COUNTRY CLUB, INC.

10. Paragraph 10 requires no response.

11. In response to the first sentence of paragraph 11 of the Counterclaim, Philadelphia admits that Robert Hedberg was named as a party in the amended complaint filed in Monterey Superior Court Case No. M77015. In response to the second sentence of paragraph 11 of the Counterclaim, Philadelphia admits that Robert Hedberg was not named as a plaintiff in the original complaint filed by Christina Pitre.

12. Philadelphia admits the averments contained in paragraph 12 of the Counterclaim.

13. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 13 of the Counterclaim.

14. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 14 of the Counterclaim.

15. In response to the first sentence of paragraph 15 of the Counterclaim, Philadelphia admits that on May 9, 2006, it declined coverage for the Hedberg action based on the Prior and Pending Exclusion in the policy issued to the Club and because Philadelphia determined that the Hedberg action was related to Pitre's October 25, 2005 written demand made against the Club prior to the inception date of Philadelphia's policy period and, therefore, there was no coverage under the Interrelated Wrongful Act provision of the policy. In response to the second sentence of paragraph 15 of the Counterclaim, Philadelphia admits that on or around February 26, 2008, it accepted the defense of the Club, and reserved its rights to recoup all Loss, including Defense Costs, paid by Philadelphia on account of the Hedberg action. To the extent any of the averments in paragraph 15 of the Counterlcaim are inconsistent with the foregoing, Philadelphia denies each and every such averment.

SF/1517018v1

-3-

ANSWER OF PHILADELPHIA TO COUNTERCLAIM OF SALINAS GOLF & COUNTRY CLUB, INC.

16. Philadelphia admits the averments contained in paragraph 16 of the Counterclaim.

17. In response to paragraph 17 of the Counterclaim, Philadelphia admits that it contends that it has no duty to defend or indemnify for the reasons set forth in paragraphs 20 through 29 of its' complaint for declaratory relief. To the extent any of the averments in paragraph 17 of the Counterclaim are inconsistent with the foregoing, Philadelphia denies each and every such averment.

18. Philadelphia denies each and every averment contained in paragraph 18 of the Counterclaim directed against Philadelphia. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18 of the Counterclaim as directed against the other counter-defendant.

19. Philadelphia admits the averments contained in paragraph 19 of the Counterclaim directed against Philadelphia. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 19 of the Counterclaim as directed against the other counter-defendant.

20. Philadelphia admits the averments contained in paragraph 20 of the Counterclaim directed against Philadelphia. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20 of the Counterclaim as directed against the other counter-defendant.

21. Paragraph 21 requires no response.

22. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22 of the Counterclaim.

///

23. Philadelphia denies each and every averment contained in paragraph 23 of the Counterclaim directed against Philadelphia. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23 of the Counterclaim as directed against the other counter-defendant.

24. In response to paragraph 24 of the Counterclaim directed against Philadelphia, Philadelphia admits the averment that the policy contains a covenant of good faith and fair dealing, but denies all other averments contained in paragraph 24 directed against Philadelphia. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 24 of the Counterclaim as directed against the other counter-defendant.

25. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25 of the Counterclaim.

26. Paragraph 26 requires no response.

27. Philadelphia admits the averments contained in paragraph 27 of the Counterclaim directed against Philadelphia. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 27 of the Counterclaim as directed against the other counter-defendant.

28. Philadelphia denies each and every averment contained in paragraph 28 of the Counterclaim directed against Philadelphia. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 28 of the Counterclaim as directed against the other counter-defendant.

29. Philadelphia denies each and every averment contained in paragraph 29 of the Counterclaim directed against Philadelphia. Philadelphia is

without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 29 of the Counterclaim as directed against the other counter-defendant.

30. Philadelphia denies each and every averment contained in paragraph 30 of the Counterclaim directed against Philadelphia. Philadelphia is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30 of the Counterclaim as directed against the other counter-defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Philadelphia alleges that the Counterclaim, and each and every claim asserted therein, fails to state facts sufficient to constitute a cause of action against it.

### SECOND AFFIRMATIVE DEFENSE

Philadelphia alleges that the Counterclaim fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Philadelphia alleges that, if the Counterclaim was not brought in good faith pursuant to Code of Civil Procedure § 128.7, or Rule 11 of the Federal Rules of Civil Procedure, Philadelphia is entitled to and will seek reasonable expenses, including attorneys' fees, incurred in defending the action, and any verdict should be adjusted accordingly.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Counterclaimant has failed to mitigate, minimize, or avoid any damages it allegedly sustained, any recovery against Philadelphia must be reduced accordingly.

///
///

### FIFTH AFFIRMATIVE DEFENSE

Philadelphia has at all times exercised due care concerning any actions, conduct, or other matters alleged in the Counterclaim, or any purported claim asserted therein.

### SIXTH AFFIRMATIVE DEFENSE

Counterclaimant has not suffered any damages as a result of any actions taken by Philadelphia, and Counterclaimant is thus barred from asserting the counterclaim, or any purported claim, against Philadelphia.

### SEVENTH AFFIRMATIVE DEFENSE

Philadelphia and its representatives acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Counterclaimant is barred from any recovery in this action.

### EIGHTH AFFIRMATIVE DEFENSE

Philadelphia alleges that its coverage interpretations and claims handling were and are reasonable as a matter of law and were not and are not inherently unreasonable as a matter of law.

### NINTH AFFIRMATIVE DEFENSE

Philadelphia alleges that the Counterclaim and each cause of action contained therein fails to state sufficient facts to constitute a valid claim for attorneys' fees.

### TENTH AFFIRMATIVE DEFENSE

The claims asserted by Counterclaimant against Philadelphia are barred by the exclusive remedy provisions of the California Labor Code and related statutes and regulations and may not proceed in this Court.

### ELEVENTH AFFIRMATIVE DEFENSE

Philadelphia alleges that Counterclaimant has failed to set out its claims with sufficient particularity to permit Philadelphia to raise all appropriate defenses

SF/1517018v1

-7-

ANSWER OF PHILADELPHIA TO COUNTERCLAIM OF SALINAS GOLF & COUNTRY CLUB, INC.

and, thus, Philadelphia reserves its rights to add additional defenses as a factual basis for these claims becomes known.

DATED: June 24, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: /s/ BRIAN D. HARRISON
    BRIAN D. HARRISON
    Attorneys for Plaintiff/Counter-defendant
    PHILADELPHIA INDEMNITY INSURANCE
    COMPANY


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff and counter-defendant Philadelphia Indemnity Insurance Company hereby demands a trial by jury.

DATED: June 24, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: /s/ BRIAN D. HARRISON
    BRIAN D. HARRISON
    Attorneys for Plaintiff/Counter-defendant
    PHILADELPHIA INDEMNITY INSURANCE
    COMPANY

-8-