1  Bryan M. Weiss (SBN 128679)
      bweiss@murchisonlaw.com
2  Carolyn A. Mathews (SBN 137430)
      cmathews@murchisonlaw.com
3  **MURCHISON & CUMMING, LLP**
   801 South Grand Avenue, 9th Floor
4  Los Angeles, California  90017-4613
   Telephone: (213) 623-7400
5  Facsimile: (213) 623-6336

6  Attorneys for Counterdefendant,
   UNITED STATES LIABILITY
7  INSURANCE COMPANY

8

9              UNITED STATES DISTRICT COURT

10    NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

| | |
|---|---|
| 12 PHILADELPHIA INDEMNITY INSURANCE COMPANY, a 13 Pennsylvania Corporation, | CASE NO. C08 01773 JF |
| 14                    Plaintiff, | **COUNTERDEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR DISMISSAL OF COUNTERCLAIMANT'S COUNTERCLAIM AND, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FEDERAL RULES OF PROCEDURE 12(b)(6) & 12(e)** |
| 15              vs. | |
| 16 SALINAS GOLF and COUNTRY CLUB, Inc., a California corporation, 17 and RUSSELL BAAR, an individual, | |
| 18                    Defendants. | |
| 19 SALINAS GOLF and COUNTRY CLUB, Inc., a California corporation, 20 | Date:   September 26, 2008 Time:   9:00 a.m. Courtroom:  3 |
| 21                  Counterclaimant, | Trial Date:          None |
| 22              vs. | |
| 23 PHILADELPHIA INDEMNITY INSURANCE COMPANY, a 24 Pennsylvania corporation; and UNITED STATES LIABILITY INSURANCE 25 COMPANY, a Pennsylvania corporation, | |
| 26                  Counterdefendants. | |
| 27 / / / | |

28

                                      1                    C08 01773 JF
   MOTION TO DISMISS

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 26, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the above entitled court, located at 280 South 1st Street, San Jose, California 95113, counterdefendant UNITED STATES LIABILITY INSURANCE COMPANY ("USLI") will, and hereby does, move this Court to dismiss counterclaimant SALINAS GOLF and COUNTRY CLUB, INC.'S (the "Club") claims against USLI for failure to state a claim upon which relief can be granted on its claims of:

1) Breach of Contract, and 2) Breach of the Implied Covenant of Good Faith and Fair Dealing, 3) Punitive Damages.

In the alternative, USLI moves for a more definite statement on these issues.

This Motion will be based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, the Proposed Order filed herewith, the pleadings and papers filed herein, and such other and further matters as may be brought to the attention of this Court in connection with this motion.

DATED: July 21, 2008             Respectfully submitted,

MURCHISON & CUMMING, LLP

By: _____
Bryan M. Weiss
Carolyn A. Mathews
Attorneys for Counterdefendant UNITED
STATES LIABILITY INSURANCE
COMPANY

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................1

I.  INTRODUCTION .........................................................................................1

II.  STATEMENT OF FACTS ...........................................................................2

III.  ARGUMENT AND AUTHORITY ...............................................................5

    A.  Standard For Granting Motions Under FRCP 12(b)(6) ...............5

    B.  The Club's Claim For Breach Of Contract Fails .........................7

    C.  The Claims For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Fail...........................................................................9

        1.  The "Genuine Dispute" Doctrine Merits Dismissal Of The Bad Faith Claim..................................................................12

    D.  The Club's Claim For Punitive Damages Against USLI Is Subject To A Motion For More Definite Statement.................................15

IV.  CONCLUSION............................................................................................17

MOTION TO DISMISS

C08 01773 JF

## TABLE OF AUTHORITIES

**Page**

<u>CASES</u>

<u>Allstate Ins. Co. v. Salahutdin</u>, 815 F.Supp. 1309 (N.D. Cal. 1992) ............................. 10

<u>Amato v. Mercury Casualty Co.</u>, 18 Cal.App.4th 1784, 1792 (1993) .......................... 12

<u>Balistreri v. Pacifica Police Department</u>, 901 F.2d. 696, 699 (9th Cir. 1990) ................ 7

<u>Beck v. State Farm Mutual Auto Insurance Company</u>, 54 Cal.App.3d 347, 355 (1976) ................................................................................................................. 15

<u>Bodenhamer v. The Superior Court of Contra Costa County</u>, 192 Cal.App.3d 1472, 1478 (1987) ............................................................................................ 12

<u>Cahill v. Liberty Mutual Insurance Company</u>, 80 F.3d 336, 338 (9th Cir. 1996) ........... 5

<u>Campbell v. The Superior Court of Los Angeles County</u>, 44 Cal.App.4th 1308, 1321 (1996) ................................................................................................... 11

<u>Careau & Co. v. Security Pacific Business Credit, Inc.</u>, 222 Cal.App.3d 1400, 1401 (1990) ................................................................................................... 10

<u>Conley v. Gibson</u>, 355 US 41, 47 - 48 (1957), 78 S.Ct. 99, 103 ..................................... 6

<u>DeLorean Motor Co.</u>, 991 F.2d 1236, 1240 (6th Cir. 1993) ........................................... 6

<u>DM Research, Inc. v. College of American Pathologists</u>, 170 F.3d 53, 55 (1st Cir. 1999) ....................................................................................................... 6

<u>Doe v. U.S.</u>, 58 F.3d 494, 497 (9th Cir. 1995) ................................................................ 7

<u>Ebaugh v. Rabkin</u>, 22 Cal.App.3d 891, 894 (1972) ..................................................... 16

<u>Egan v. Mutual of Omaha Insurance Company</u>, 24 Cal.3d 809, 828 (1979) ................ 15

<u>Falmore, Inc. v. Edison Bros. Stores, Inc.</u> (E.D. Ca. 1981) 525 F.Supp. 940, 949 ........ 7

<u>Flyer's Body Shop Profit Sharing Plan v. Ticor Title Insurance Company</u>, 185 Cal.App.3d 1149 (1986) ......................................................................... 16

<u>Franceschi v. American Motorists Ins. Co.</u>, 852 F.2d 1217, 1220 (9th Cir. 1988) ...... 13

<u>Freeman & Mills, Inc. v. Belcher Oil Company</u> 11 Cal.4th 84 (1995) ........................ 10

<u>G. D. Searle & Company v. Superior Court</u>, 49 Cal.App.3d 22, 29 (1975) ................. 15

<u>Guebara v. Allstate Ins. Co.</u>, 237 F.3d 987, 992 ( 9th Cir. 2001) ................................ 13

<u>Guebara v. Allstate Ins. Co.</u>, <u>supra</u>, 237 F.3d at 992 ................................................... 13

<u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 679 (9th Cir. 2001) ..................................... 6

MOTION TO DISMISS

Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482, 1483 (9th Cir. 1991) ...................... 5

Love v. Fire Ins. Exchange, 221 Cal.App.3d 1136, 1153 (1990) ................................... 9

McDonald v. John P. Scripps Newspaper (1989) 210 Cal.App.3d 100, 104) ................ 7

Neal v. Farmers Insurance Exchange Company, 21 Cal.3d 910, 922 (1978) ............... 15

Pareto v. FD.I.C, 139 F.3d 696,699 (9th Cir. 1998) ........................................ 6

Read v. Turner, 239 Cal.App.2d 504, 515-516 (1966) ...................................... 16

Shannon-Vail Five Inc. v. Bunch, 270 F.3d 1207, 1210 (9th Cir. 2001) ........................... 5

Taylor v. Superior Court, 24 Cal.3d 890 (1979) ............................................. 16

Tomaselli v. Transamerica Ins. Co., 25 Cal.App.4th 1269, 1280-81(1994) ................. 13

Vess v. Ciba-Greigy Corp. USA, 317 F.3d 1097, 1102-03 (9th Cir. 2003) ...................... 5

Waller v. Truck Ins. Exch., 11 Cal.4[th] 1, 44 (1995) ........................................... 8

Walsh v. West Valley Mission Community College District (1998) 66
      Cal.App.4th 1532, 1545 .................................................................. 7

Western Mining Council v. Watt, 643 F.2d 618,624 (9th Cir. 1981) ........................... 6

Yamaguchi v. U.S. Dept. of Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997) ............... 6

## RULES

F.R.C.P. §12(e) ............................................................................... 2

FRCP Rule 12(b)(6) ...................................................................... 5, 11

Rule 12(b)(6) .................................................................................. 2

## STATUTES

Witkin, Cal. Procedure (4th ed. 1986) ..................................................... 7

## OTHER AUTHORITIES

SCHWARZER TASHIMA & WAGSTAFFE California Practice Guide -
      Federal Civil Procedure Before Trial § 8:29 ......................................... 6

MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

USLI issued a Non Profit Directors and Officers Liability and Employment Practices Liability Policy Number NDO1017924D to the Club (the "USLI Policy"). As shown by Exhibit B to the Club's Counterclaim, the USLI Policy is a Claims Made policy that provided coverage for Claims first made against the Club during the USLI Policy period of November 26, 2004 to November 26, 2005. The USLI Policy defines a Claim to mean "any written notice received by any Insured that any person or entity intends to hold such Insured responsible for a Wrongful Act" or "any judicial or administrative proceeding initiated against any Insured seeking to hold an Insured responsible for a Wrongful Act." It provides that a Claim would be considered first made "when an Insured or its legal representative or agent first receives notice of the Claim."

The Club's counterclaim asserts claims against USLI for Declaratory Relief, Breach of Contract, and Breach of the Implied Covenant of Good Faith and Fair Dealing based on a claim that USLI has a duty to defend and indemnify the Club for claims asserted against it by its former employee, Robert Hedberg ("Hedberg"), in an action the Club alleges was first filed "on or about January 20, 2006," after the expiration of the USLI Policy.

As will be discussed below, the Club's counterclaim is subject to a motion under Rule 12(b)(6). Once this Court reviews the USLI Policy attached as Exhibit B to the Club's counterclaim and the Club's own allegations, it will have no choice but to determine that

USLI'S withdrawal from its courtesy defense of the Club against Hedberg's claims was proper and the Club's counterclaim against USLI should be dismissed. Secondly, the causes of action for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing ("bad faith") is improperly plead, as is the claim for punitive damages.

For these reasons, this action must be dismissed pursuant to Rule 12(b)(6). This motion also seeks, pursuant to F.R.C.P. §12(e), a more definite statement of counterclaimant's claims to the extent the Court deems it has sufficiently set forth a cause of action.

## II.

## STATEMENT OF FACTS

As summarized in the Club's counterclaim, USLI issued a policy of insurance to the Club effective November 26, 2004 to November 26, 2004. As shown by Exhibit B to the Club's counterclaim, Coverage B in the USLI Policy provided coverage for Employment Practices Liability. As also shown by Exhibit B, the USLI Policy's Insuring Agreement provides in pertinent part:

"A.    The **Company** will pay on behalf of the **Insured Loss** excess of the Retention not exceeding the Limit of Liability for which this coverage applies that the **Insured** shall become legally obligated to pay because of **Claims** first made against the **Insured** during the **Policy Period** or during the Extension Period, if applicable, for **Wrongful Employment Acts** arising solely out of an **Insured's** duties on behalf of the **Organization**.

B.    The **Company** has the right and duty to defend any **Claim** to which this insurance applies, even if the allegations of the **Claim** are groundless, false or fraudulent . . . ."  Exh. B, Form DO-101 (4/00), p. 1 of 8.

As shown by Exhibit B, the USLI Policy contains the following definition: "B.    **Claim** means:

(1)    any written notice received by any **Insured** that any person or entity intends to hold such Insured responsible for a **Wrongful Employment Act**, or

(2)    Any judicial or administrative proceeding initiated against any **Insured** seeking to hold such **Insured** responsible for a **Wrongful Employment Act**, including any proceeding conducted by the Equal Employment Opportunity Commission or similar federal, state or local agency and any appeal therefrom.

A **Claim** shall be considered first made when an **Insured** or its legal representative or agent first receives notice of a **Claim**." Exh. B, Form DO-101 (4/00), p. 2 of 8.

On October 25, 2005, within USLI'S policy period, counsel for a former employee of the Club, Christina Pitre ("Pitre"), made a written demand to the Club that included courtesy copy of a complaint to be filed on behalf of Pitre.  Pitre's counsel said that Pitre's

1   Department of Fair Employment and Housing complaint and request for right-to-sue letter

2   would be filed the next week and the complaint would be filed upon issuance of the right-

3
4   to-sue letter.   On November 29, 2005, Pitre filed Monterey Superior Court Case No.

5   M77015 (the "underlying action").

6
    Upon tender from the Club, USLI undertook the Club's defense against Pitre's Claim
7
8   in the underlying action.

9       On January 6, 2006, after USLI'S Policy had expired, Pitre's counsel sent an e-mail to

10
    the Club's counsel advising that he had also been retained by another former employee of
11
12  the Club, Hedberg, to prosecute a wrongful discharge action on Hedberg's behalf.   On

13  January 20, 2006, Pitre's counsel filed an amended complaint in the underlying action on

14  behalf of both Pitre and Hedberg.
15
16      USLI denied coverage for Hedberg's Claim because it was first made after USLI'S

17  policy expired.  However, since USLI was defending Pitre's Claim in the underlying action,

18
    it agreed to provide a courtesy defense of the Hedberg's Claim under a full reservation of
19
20  rights, including the right to withdraw from the defense of the Hedberg Claim. When Pitre's

21  claims against the Club were settled, USLI withdrew from its courtesy defense of the

22
    Hedberg claim, which was not first made during its policy period.
23
24      The Club's Counterclaim in the present action alleges that USLI'S Policy was in

25  effect from November 26, 2004 to November 26, 2005, and it attaches a copy of USLI'S

26
27  Policy, which contains the definition of a Claim and the provisions regarding when a Claim

28  is first made cited above. The Counterclaim alleges that Hedberg first filed suit against the

Club on January 20, 2006, after the USLI Policy had expired. Nevertheless, the Counterclaim contends that USLI has a duty to defend and indemnify the Club against Hedberg's claims and that USLI breached the terms of the USLI Policy and acted in bad faith in withdrawing from the Club's defense.

For the reasons discussed below, the Club's action as it relates to USLI is without merit and must be dismissed pursuant to FRCP Rule 12(b)(6).

## III.

## ARGUMENT AND AUTHORITY

### A.  **Standard For Granting Motions Under FRCP 12(b)(6)**

If a cause of action fails to state a claim on which relief may be granted, a party may file a motion to dismiss under FRCP 12(b)(6). As the Club's claims are grounded on common law theories, the substantive law applicable to this action is California law. (Shannon-Vail Five Inc. v. Bunch, 270 F.3d 1207, 1210 (9th Cir. 2001).) However, Federal pleadings standards determine whether the Club has adequately pled its causes of action. (See, e.g., Vess v. Ciba-Greigy Corp. USA, 317 F.3d 1097, 1102-03 (9th Cir. 2003).) Where it appears from the face of the complaint that it fails to state a claim upon which relief may be granted, a motion to dismiss under FRCP 12(b)(6) will be sustained. (Cahill v. Liberty Mutual Insurance Company, 80 F.3d 336, 338 (9th Cir. 1996); Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482, 1483 (9th Cir. 1991)).

USLI is well aware that in accordance with the liberal pleading rules established under FRCP 8, the complaint must be construed in the light most favorable to the plaintiff.

1   Furthermore, this Court must accept as true all material allegations in the Complaint as

2   well as reasonable inferences that may be drawn from them. (Pareto v. FD.I.C, 139 F.3d

3
4   696,699 (9th Cir. 1998). However, "fair notice" is required as to the nature of the claim

5   and the facts supporting the same.    As stated in SCHWARZER TASHIMA &

6   WAGSTAFFE California Practice Guide - Federal Civil Procedure Before Trial § 8:29,

7
8   "while brevity is required [in Federal complaints], it is not enough simply to allege that a

9   wrong has been committed and demand relief.  The underlying requirement is that a

10  pleading give 'fair notice' of the claim being asserted and the 'grounds upon which it

11
12  rests.'" (Citing Conley v. Gibson, 355 US 41, 47 - 48 (1957), 78 S.Ct. 99, 103; Yamaguchi

13  v. U.S. Dept. of Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997).)

14      Moreover, it is significant to note that this Court need not accept conclusory

15
16  allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of

17  fact as true. (In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993); Western

18  Mining Council v. Watt, 643 F.2d 618,624 (9th Cir. 1981).) As stated in SCHWARZER

19
20  TASHIMA & WAGSTAFFE California Practice Guide - Federal Civil Procedure Before

21  Trial § 8:27a, "bare assertions of legal conclusions may not satisfy plaintiff's obligations

22  to provide fair notice of the claim alleged. In fact, [c]onclusory allegations in a complaint,

23
24  if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition."

25  (Citing DM Research, Inc. v. College of American Pathologists, 170 F.3d 53, 55 (1st Cir.

26  1999); Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001).)  As the Ninth

27
28  Circuit has held, a dismissal is proper where there is either a "lack of a cognizable legal

theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Department, 901 F.2d. 696, 699 (9th Cir. 1990).

Furthermore, if it is clear that the defects cannot be cured, the dismissal should be granted without leave to amend. Although the courts should generally allow one attempt to amend, it appears that such leave is not required where the court determines ". . . that the pleading could not possibly be cured by the allegation of other facts. . ." Doe v. U.S., 58 F.3d 494, 497 (9th Cir. 1995) (discussing the interplay between FRCP 12(b)(6) and FRCP 15(a)).  As will be demonstrated below, the Club has not sufficiently pled a claim for breach of contract or a claim for breach of the implied covenant as to USLI.

Under these standards, the Club's Counterclaim should be dismissed as to USLI. Alternatively, USLI requests a more definite statement from the Club, pursuant to F.R.C.P. 12(e).  Such request is appropriate as the allegations of the Club's Counterclaim are so indefinite that USLI cannot ascertain the nature of the claims being asserted. (Falmore, Inc. v. Edison Bros. Stores, Inc. (E.D. Ca. 1981) 525 F.Supp. 940, 949.)

**B.    The Club's Claim For Breach Of Contract Fails**

To adequately plead a breach of contract cause of action, a plaintiff must aver: 1) a contract; 2) plaintiffs' performance or excuse for non-performance; 3) defendant's breach; and 4) damage incurred by the plaintiff due to the alleged breach. (Walsh v. West Valley Mission Community College District (1998) 66 Cal.App.4th 1532, 1545; Witkin, Cal. Procedure (4th ed. 1986), Pleading Section 476, p. 263; McDonald v. John P. Scripps Newspaper (1989) 210 Cal.App.3d 100, 104).)  In the present case, the Club failed to

1    allege facts showing that USLI breached the terms of the USLI Policy.

2    Under California law, an insurer is under no duty to defend in the underlying action

3

4    where the policy provides no potential for coverage,.  *Waller v. Truck Ins. Exch.*, 11

5    Cal.4th 1, 44 (1995).  In the present case, Exhibit B to the Club's Counterclaim shows that

6    the USLI Policy specifically and unambiguously states that it only provides coverage for

7

8    claims first made within its policy period (November 26, 2004 to November 26, 2005).

9    By the Club's own admission, the Hedberg claims were first made when the amended

10   complaint was filed on January 20, 2006, after the USLI policy expired.  The Club's

11

12   allegation that its subsequent insurer, Philadelphia Indemnity Insurance Company, claims

13   that the Hedberg claim is "interrelated" with Pitre's claim does not constitute a fact

14   showing that the Hedberg claim was first made during the USLI Policy period.

15

16   Furthermore, the Club's Second Cause of Action for Breach of Contract attempts to

17   allege that both USLI and counterdefendant Philadelphia Indemnity Insurance Company

18   ("Philadelphia") breached their insurance contracts by failing to properly defend and

19

20   indemnify the Club.  But, the Exhibit A to the Club's Counterclaim shows that

21   Philadelphia's policy is also a claims-made policy, and its insuring agreement restricts

22   coverage to claims made within Philadelphia's policy period of November 26, 2005 to

23

24   November 26, 2006.  Therefore, if Hedberg's claim against the Club was first made during

25   Philadelphia's policy period and Philadelphia breached its insurance contract by failing to

26   properly defend and indemnify the Club, *ipso facto*, Hedberg's claim was not first made

27

28   during the USLI Policy period.

In short, the Club's Counterclaim fails to allege facts showing that Hedberg made a claim during the USLI policy period, and it fails to allege facts showing that USLI breached the insurance contract, a result that this Court can reach as a matter of law on the basis of the pleadings alone. There clearly was no potential for coverage under the USLI Policy and hence no duty to defend. The fact that USLI provided a courtesy defense against the Hedberg claims while it was also required to defend against the Petri claims (which were first asserted during the USLI Policy period) does not establish that the Hedberg claims were covered under the USLI Policy. Accordingly, the Club has failed to adequately plead a breach of contract claim against USLI, and, as a result, its complaint is defective.

## C.   **The Claims For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Fail**

(1)   The Second Cause Of Action Fails To State Facts Sufficient To Support A Claim of Bad Faith

In the Club's third claim for relief, it has attempted to allege a cause of action against USLI for a breach of the implied covenant of good faith and fair dealing. However, this claim must fail. First, and foremost, since the Club has been unable to establish a proper claim for relief against USLI for breach of contract, it follows that no claim for relief for breach of the implied covenant can stand. (Love v. Fire Ins. Exchange, 221 Cal.App.3d 1136, 1153 (1990) ["[A] bad faith claim cannot be maintained unless policy benefits are due."]; Allstate Ins. Co. v. Salahutdin, 815 F.Supp. 1309 (N.D. Cal.

1 │ 1992).)

2 │  Secondly, plaintiff's claims are nothing more than a duplicative claim for contract

3

4 │ damages. Courts have held that when the claim for breach of the implied covenant of good

5 │ faith and fair dealing is "nothing more than a duplicative claim for contract damages", the

6

7 │ trial court is correct in sustaining a demurrer to this count without leave to amend. (See,

8 │ Careau & Co. v. Security Pacific Business Credit, Inc., 222 Cal.App.3d 1400, 1401

9 │ (1990)). The California Supreme Court in Freeman & Mills, Inc. v. Belcher Oil Company

10

11 │ 11 Cal.4th 84 (1995) overruled a long line of cases which had permitted tort damages for

12 │ contract claims.  Specifically, the Court stated:

13 │   "We believe our colleagues in Division 2 were correct when

14

15 │   they interpreted Seaman's narrowly, limiting the tort of bad faith denial of

16 │   contract to the situations where, in addition to whatever other elements

17 │   may be required, there is (1) a special relationship

18

19 │   and (2) conduct extraneous to the contract . . ."

20 │  No conduct extraneous to the contract has been remotely alleged by the plaintiff in

21 │ this matter. There is no support for a claim that USLI had a duty to advise the Club that a

22

23 │ conflict of interest was created by its agreement to provide a courtesy defense against the

24 │ Hedberg claim during the pendency of the Petri claim.  In fact, the Club's Counterclaim

25 │ fails to allege a single fact showing that such a conflict existed.  Furthermore, since

26

27 │ Hedberg's claim was not first made during the USLI Policy period and it was not covered

28 │ under the USLI Policy, USLI had no obligation to offer the courtesy defense in the first

1  place.

2      Just as in the Club's First Cause of Action for Breach of Contract, the Club attempts
3
4  to allege that both Philadelphia and USLI breached the implied covenant of good faith and

5  fair dealing. But, just as in the Club's breach of contract claims, if Philadelphia acted in

6
   bad faith by failing to defend and indemnify the Hedberg claims against the Club,
7
8  Philadelphia had the duty to defend and indemnify and USLI did not have such a duty

9  because the claim was not first made in the USLI policy period. Thus, USLI could not

10
   have acted in bad faith by withdrawing a courtesy defense it didn't owe in the first place,
11
12 and this Court is well justified in sustaining, without leave to amend, USLI'S motion to

13 dismiss as to the "bad faith" claims for relief.

14
       Furthermore, the gravamen of the Club's allegations in support of its bad faith
15
16 claims is that USLI refused to continue to provide a courtesy defense to its insured against

17 the underlying Hedberg claims after the Petri claim, for which USLI owed a defense,

18
   settled. However, what plaintiff fails to realize is that although "a refusal to defend can
19
20 result in liability for breach of the implied covenant" it "does not result in a situation in

21 which an insurer must defend all claims at the risk of incurring expansive liability. For

22
   one, breach of the implied covenant requires "unreasonable conduct or an action taken
23
24 without proper cause." (Campbell v. The Superior Court of Los Angeles County, 44

25 Cal.App.4th 1308, 1321 (1996), citing Congleton v. National Union Fire Ins. Company,

26
27 189 Cal.App.3d 51, 59 (1987).). Bad faith implies unfair dealing, not mistaken judgment.

28 "If the insurer's refusal to defend is reasonable, no liability will result." (Id., citing Amato

v. Mercury Casualty Co., 18 Cal.App.4th 1784, 1792 (1993).)

Moreover, "while the specific nature of the obligations imposed by the implied covenant of good faith and fair dealing are dependent upon the nature and purpose of the underlying contract and the legitimate expectations of the parties arising from the contract, those obligations are not the obligations that were consensually undertaken in the contractual provisions, and care must be taken in each case to determine whether the alleged breach is an obligation imposed by law and thus a tort or breach of an obligation consensually created by the parties in the terms of the contract and thus simply a breach of contract." (Bodenhamer v. The Superior Court of Contra Costa County, 192 Cal.App.3d 1472, 1478 (1987).)

Therefore, the Club's claims for relief based on "bad faith" must fail and USLI'S motion to dismiss should be sustained without leave to amend.

### 1. The "Genuine Dispute" Doctrine Merits Dismissal Of The Bad Faith Claim

In addition, the allegations of the complaint, taken together with the terms of the insurance contract and the basis for the denial of coverage, demonstrate that there is a genuine dispute over the existence of coverage under the policy, as opposed to an unreasonable and arbitrary decision on the part of USLI to deny benefits.

In order to establish a breach of the implied covenant of good faith and fair dealing under California law, a plaintiff must show (1) benefits due under the policy were withheld, and (2) the reason for withholding benefits was unreasonable or without proper

1   cause. (Guebara v. Allstate Ins. Co., 237 F.3d 987, 992 ( 9th Cir. 2001)).  Because the key
2
3   to a bad faith claim is whether denial of a claim was reasonable, a bad faith claim should
4   be dismissed if the defendant demonstrates that there was "a genuine dispute as to
5   coverage." (Id.)  Under the Ninth Circuit's interpretation of California law, a genuine
6
7   dispute may concern either a reasonable factual dispute or an unsettled area of insurance
8   law. (Id. at 994).

9       This so-called "genuine dispute" doctrine permits a trial court to dismiss a "bad
10
11  faith" cause of action, *as a matter of law*, where there is a reasonable dispute over the
12  interpretation of a policy term and hence it cannot be said that the insurer acted
13  unreasonably; unreasonableness is the touchstone of a bad faith claim. (See, e.g.,
14
15  Tomaselli v. Transamerica Ins. Co., 25 Cal.App.4th 1269, 1280-81(1994) ["[t]he mistaken
16  withholding of policy benefits, if reasonable or if based on a legitimate dispute as to the
17  insurer's liability under California law, does not expose the insurer to bad faith liability"].)
18
19      Indeed, a court can dismiss a bad faith claim *even if it finds that contractual benefits
20  are owed*.  In Franceschi v. American Motorists Ins. Co., 852 F.2d 1217, 1220 (9th Cir.
21  1988), the court held that "a court can conclude as a matter of law that an insurer's denial
22
23  of a claim is not unreasonable, even if the court concludes the claim is payable under the
24  policy terms, so long as there existed a genuine issue as to the insurer's liability.") (citation
25  omitted). In short, "a court can conclude as a matter of law that an insurer's denial of a
26
27  claim is not unreasonable, so long as there existed a genuine issue as to the insurer's
28  liability." (Guebara v. Allstate Ins. Co., supra, 237 F.3d at 992).

Admittedly, the "genuine dispute" doctrine has been applied in the context of summary judgment motions as opposed to pleading motions. Nonetheless, it is still a doctrine which permits the court, under proper circumstances, to conclude that a genuine dispute over the construction and application of policy language can shield an insurer from a bad faith claim. As such, when the facts are properly present in the context of a pleading motion, there should be no bar to application of the exclusion.

Here, there is clearly a genuine, legitimate and reasonable dispute over the application of the insurance contract to the underlying proceeding. USLI issued a claims made policy to the Club that restricted coverage to claims first made within the policy period of November 26, 2004 to November 26, 2005. The Hedberg claim was made, by the Club's own allegation on January 20, 2006, after the USLI Policy expired. Thus, reasonably, USLI withdrew its courtesy defense for Hedberg's claims against the Club, when the Petri covered claim was settled. Even if a court were to determine that Hedberg's claims against the Club were covered under the USLI Policy (despite the fact that it was first made after the USLI Policy expired), it would be hard to then conclude that USLI acted unreasonably and without proper cause in the manner in which it interpreted the USLI Policy language and applied it to the facts presented to it. It is precisely this sort of "genuine dispute" that the courts in <u>Guebara</u> and its progeny sought to address in ruling that a court can dismiss a bad faith claim on a matter of law.

For these reasons, the Club's claims for breach of the covenant of good faith and fair dealing must fail as to USLI.

**D.**   **The Club's Claim For Punitive Damages Against USLI Is Subject To A Motion For More Definite Statement**

The Club is seeking to recover punitive damages against USLI in this action. Initially, it must be noted that the allegation of breach of the implied covenant of good faith and fair dealing does not automatically permit the imposition of a claim for punitive damages. (Egan v. Mutual of Omaha Insurance Company, 24 Cal.3d 809, 828 (1979); Neal v. Farmers Insurance Exchange Company, 21 Cal.3d 910, 922 (1978).) Nor, as discussed below, do the mere repetitious additions of conclusory language add anything to the pleading. Rather, punitive damage allegations must contain substantial details concerning a conscious disregard of the insured's rights, or the intent to vex, injure and annoy, before permitting a claim for punitive damages. The law does not favor punitive damages and the court should permit them only with great caution. (Beck v. State Farm Mutual Auto Insurance Company, 54 Cal.App.3d 347, 355 (1976).)

Allegations in the complaint which are legal conclusions in blanket form against an insurer, and merely restating the language contained in Civil Code section 3294, which authorizes punitive damages, do not sufficiently establish a claim for punitive damages. "When a defendant must produce evidence in defense of an exemplary damage claim, fairness demands that he received adequate notice of the kind of conduct charged against him." (G. D. Searle & Company v. Superior Court, 49 Cal.App.3d 22, 29 (1975).) The blanket general contentions are defective and should be stricken. Specificity of allegations as to each defendant is essential.

Punitive damages are only proper when the tortious conduct rises to levels of extreme indifference to a party's rights. (Flyer's Body Shop Profit Sharing Plan v. Ticor Title Insurance Company, 185 Cal.App.3d 1149 (1986).) "Mere spite or ill will is not sufficient; and mere negligence, even gross negligence, is not sufficient to justify an award of punitive damages." (Ebaugh v. Rabkin, 22 Cal.App.3d 891, 894 (1972), citing, Read v. Turner, 239 Cal.App.2d 504, 515-516 (1966).) In Taylor v. Superior Court, 24 Cal.3d 890 (1979), the court stated that in order to justify an award of punitive damages, "the plaintiff must establish that the defendant was aware of the probable dangerous consequences of his conduct, and that he willfully and deliberately failed to avoid these consequences. [Citations.]" (Id. at 895-896.)

Even if the pleadings are accepted as true, such contentions still fall far short of those which are required under the above authorities.   There are simply no facts evidencing the type of despicable conduct suggested by California courts.  When all is said and done, the Club's Counterclaim was filed because of coverage disputes between the Club and USLI.  By way of the Counterclaim, the Club attempts, but fails, to state a claim for punitive damages arising from that dispute by using the most general and conclusory of allegations, devoid of any facts showing malice, oppression or fraud.

/ / /

/ / /

/ / /

/ / /

/ / /

1

**IV.**

2

**CONCLUSION**

3
4

For all the foregoing reasons, USLI'S motion to dismiss the Club's action should,

5

respectfully, be granted in its entirety.

6

DATED: July 21, 2008                    Respectfully submitted,

7
8

MURCHISON & CUMMING, LLP

9
10

By: _____

Bryan M. Weiss
Carolyn A. Mathews

11

Attorneys for Counterdefendant UNITED
STATES LIABILITY INSURANCE

12

COMPANY

13
14

J:\BMW\28606\PLD\12(b)(6)-Mot-CAM

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1          **PROOF OF SERVICE**

2    **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3          At the time of service, I was over 18 years of age and not a party to this action. I
am employed in the County of Los Angeles, State of California. My business address
4    is 801 South Grand Avenue, 9th Floor, Los Angeles, California 90017-4613.

5          On July 21, 2008, I served true copies of the following document(s) described as
**COUNTERDEFENDANT UNITED STATES LIABILITY INSURANCE**
6    **COMPANY'S NOTICE OF MOTION AND MOTION FOR DISMISSAL OF**
**COUNTERCLAIMANT'S COUNTERCLAIM AND, IN THE ALTERNATIVE,**
7    **MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO**
**FEDERAL RULES OF PROCEDURE 12(B)(6) & 12(E)** on the interested parties in
8    this action as follows:

9    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Pursuant to the E-Filing
System of the United States District Court, Northern District of California, to the
10   parties at the e-mail addresses on the Court's website.

11         I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct and that I am employed in the office of a
12   member of the bar of this Court at whose direction the service was made.

13         Executed on July 21, 2008, at Los Angeles, California.

14

15

16   _____
     DOLORES CONTRERAS
17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS                          18                          C08 01773 JF